IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARVIN B. RED STAR,
No. 10846-046,

      Petitioner,

  vs.                          Case No. 13-cv-01183-DRH

JEFFREY S. WALTON,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Arvin B. Red Star is a federal inmate currently incarcerated in the United States Penitentiary in Marion, Illinois. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to vacate his 2010 conviction for aggravated sexual abuse, and the resulting 216 month sentence. *See United States v. Red Star*, No. 10-cr-60-GF-SHE (D.Mont. Dec. 10, 2010).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I.     Procedural History and Issues Presented

Red Star appealed his 216 month sentence for aggravated sexual abuse, arguing against a two-level sentencing enhancement for restraining the victim; the appellate court affirmed the sentence. *United States v. Red Star*, No. 10-30351 (9th Cir. 2011), *cert. denied,* __U.S. __, 132 S.Ct. 1596 (2012).

Red Star moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. He argued that his trial counsel was ineffective for a variety of reasons, including: failure to require proof the victim was an Indian person; whether the jury was properly instructed regarding the burden of proof'; whether prosecution by the Fort Peck Assiniboine and Sioux Tribes, and by the United States, violated the Double Jeopardy Clause of the Fifth Amendment; the elements found by the Grand Jury; the composition of the Grand Jury and the Petit Jury; the withholding of exculpatory DNA evidence; failure of the indictment to include the victim's name; and failure to suppress Red Star's written *Miranda* waiver. *United States v. Red Star*, No. 10-cr-60-GF-SHE, Doc. 87 (D.Mont. Jan. 17, 2013). The Ninth Circuit denied Red Star a certificate of appealability. *United States v. Red Star*, No. 13-35204 (9th Cir. April 25, 2013), *cert denied*. __U.S. __, 134 S.Ct. 227 (Oct. 7, 2013).

Red Star now argues that: (1) he was denied effective assistance of counsel at trial because counsel failed to investigate and assert a defense based upon Red

Star's fetal alcohol syndrome/fetal alcohol exposure resulting in diminished mental capacity and effecting his ability to understand the nature and consequences of the criminal proceedings and his ability to assist in his defense; and (2) his prosecution was due to policies that discriminated against Native Americans and resulted in a lower evidentiary burden for indictment and selective, malicious prosecution. According to the petition, these arguments were previously foreclosed by the law of the Ninth Circuit and could not be raised in Red Star's direct appeal or motion pursuant to 28 U.S.C. § 2255 attacking his sentence. Petitioner cites *Cole v. Oravec*, 465 Fed.Appx. 687, 2012 WL 70201 (9th Cir. Jan. 10, 2012), as establishing his actual innocence.

## II. <u>Discussion</u>

Ordinarily a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under Section 2241, where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte,* 300 F.3d 792,

798–99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a Section 2241 petition can only be used to attack a conviction or sentence when the Section 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson,* 347 F.3d 214, 218 (7th Cir. 2003). That is not the case here. Red Star does not suggest that the charged conduct is no longer a crime; instead, he essentially argues that he was not mentally competent to go to trial, a mental competency defense should have been marshaled, and his prosecution was constitutionally infirm — all of which were ignored by ineffective trial counsel.

All the grounds for relief presented herein by petitioner come under the umbrella of ineffective assistance of counsel. Red Star did not raise the particular claims brought here when he filed his Section 2255 motion, but all the errors he discusses in this petition could have been raised in the original Section 2255 proceeding. One could argue that Red Star is now merely reshaping some of the grounds for relief presented in the Section 2255 petition, e.g., the attacks on the indictment and burden of proof.

A Section 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing his arguments in a Section 2255 motion. *Hill v. Werlinger,* 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy,* 499 F.3d 668 (7th Cir. 2007). Petitioner does not point to any precedent that barred him from bringing his claims in his 2012 Section 2255 motion, nor is the Court aware of any. Red Star generally asserts that *Cole v. Oravec,* 465 Fed.Appx. 687 (9th Cir. 2012), now establishes that he was "convicted of a non-existent offense." However, the *Cole* decision gets petitioner nowhere.

First, *Cole* is an unpublished, non-precedential decision, which is not binding on this Court or the court where petitioner was convicted. Secondly, the *Cole* decision holds that the representatives of the estates of two deceased Native American men can pursue *Bivens* equal protection claims against an FBI agent for failure to conduct an adequate investigation into the decedents' deaths. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The *Cole* plaintiffs

All the grounds for relief presented herein by petitioner come under the umbrella of ineffective assistance of counsel. Red Star did not raise the particular claims brought here when he filed his Section 2255 motion, but all the errors he discusses in this petition could have been raised in the original Section 2255 proceeding. One could argue that Red Star is now merely reshaping some of the grounds for relief presented in the Section 2255 petition, e.g., the attacks on the indictment and burden of proof.

A Section 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing his arguments in a Section 2255 motion. *Hill v. Werlinger,* 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy,* 499 F.3d 668 (7th Cir. 2007). Petitioner does not point to any precedent that barred him from bringing his claims in his 2012 Section 2255 motion, nor is the Court aware of any. Red Star generally asserts that *Cole v. Oravec,* 465 Fed.Appx. 687 (9th Cir. 2012), now establishes that he was "convicted of a non-existent offense." However, the *Cole* decision gets petitioner nowhere.

First, *Cole* is an unpublished, non-precedential decision, which is not binding on this Court or the court where petitioner was convicted. Secondly, the *Cole* decision holds that the representatives of the estates of two deceased Native American men can pursue *Bivens* equal protection claims against an FBI agent for failure to conduct an adequate investigation into the decedents' deaths. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The *Cole* plaintiffs

asserted that the FBI agent handled the investigation in a shoddy, discriminatory manner because the decedents were Native Americans. *Cole* does not provide grounds for challenging a criminal conviction, either via Section 2241 or Section 2255. Plaintiff's brief presents a similar argument, that the investigation of the crime was inadequate, due to a desire to harshly prosecute Native Americans.

Red Star fails to appreciate that a *Bivens* claim (as was at issue in *Cole*) seeks civil relief (most often money damages) for the deprivation of a plaintiff's constitutional rights by a person acting under the color of federal authority. A *Bivens* claim <u>cannot</u> be used to challenge a conviction or free a prisoner from custody. *See Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991) (habeas petition is the proper route if a prisoner challenges the fact or duration of his conviction; other challenges must be brought under civil rights law); *Preiser v. Rodriguez,* 411 U.S. 475, 484-85 (1973) (writ of habeas corpus is used to completely free an inmate from unlawful custody).

Put more succinctly, the *Cole* case does not represent any change in the law that would permit petitioner to now challenge his conviction in a Section 2241 action; and Section 2255 does not prove to be an inadequate remedy for petitioner's current claims. Consequently, this action is subject to summary dismissal with prejudice.

### III. <u>Disposition</u>

**IT IS HEREBY ORDERED** that, for the reasons stated, the Section 2241 petition is summarily **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

Signed this 18th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.18 14:14:22 -06'00'

**Chief Judge**
**United States District Court**